IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| REINALDO LOPEZ ARMAS, § | |
| § | |
| Petitioner, § | |
| § | |
| v. § | CAUSE NO. EP-26-CV-131-KC |
| § | |
| PAM BONDI et al., § | |
| § | |
| Respondents. § | |

## ORDER

On this day, the Court considered Reinaldo Lopez Armas' Petition for a Writ of Habeas Corpus, ECF No. 1. Lopez Armas is detained at the El Paso Processing Center in El Paso, Texas. *Id.* ¶ 2. He argues that his detention is unlawful and asks the Court to order his immediate release. *Id.* ¶¶ 36–49; *id.* at 9.

Lopez Armas is a Cuban citizen who came to the United States in 1995 and received Lawful Permanent Resident ("LPR") status in 1995. Decl. Maria E. Estrada ("Estrada Decl.") ¶¶ 3–5, ECF No. 7-1. He appears to have lost his LPR status as a result of several criminal convictions. *See* Pet. ¶ 14; Estrada Decl. ¶¶ 6–10. On August 27, 2009, while incarcerated, Lopez Armas was ordered removed. *See* Pet. ¶ 19; Estrada Decl. ¶ 11. In 2020, before his release from prison, Lopez Armas was interviewed by Immigration and Customs Enforcement ("ICE"). Pet. ¶ 20. ICE "decided to not detain [him] due to [his] medical condition that they deemed a liability and because [he] was not removable to . . . Cuba." *Id.* And, upon his release, he was placed under an Order of Supervision ("OSUP"). *Id.* ¶ 21. In 2021, Lopez Armas was encountered by immigration authorities while serving another criminal sentence, and again, was released under an OSUP. Estrada Decl. ¶ 12. On June 25, 2025, Lopez Armas reported for a

check-in with Immigration and Customs Enforcement ("ICE") and was detained. *Id.* ¶ 13; Pet. ¶ 28. He has remained in detention since. *See* Pet. ¶¶ 28, 32.

According to Lopez Armas, he was previously unremovable to Cuba and ICE has not obtained travel documents from Cuba, Mexico, or any other country on his behalf. *Id.* ¶¶ 20, 28, 29–31. When he was re-detained, Lopez Armas was not given "any cause, . . . [had] not violate[d] [his OSUP] and ICE [had] not obtain[ed] travel documents." *Id.* ¶ 28. Since Lopez Armas' re-detention, "ICE has attempted to remove [him] to Mexico but Mexico has not provided any documentation." *Id.* ¶ 29.

The Court found that "[i]f these allegations are true, Lopez Armas likely meets his burden of providing 'good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future.'" Jan. 26, 2026, Order 3, ECF No. 4 (citing *Zadvydas v. Davis*, 533 U.S. 678, 689–90 (2001)). Respondents had to "rebut this showing by either demonstrating that Lopez Armas' removal is likely in the reasonably foreseeable future or deporting him." *Id.* at 4. Specifically, the Court ordered Respondents to detail (1) the concrete steps taken to effectuate Lopez Armas' removal, (2) the obstacles preventing his removal, (3) the concrete steps taken to address those obstacles, including identifying third countries for removal and submitting travel document requests to those third countries, and (4) the anticipated timeline for his removal. *See id.* at 5.

Respondents acknowledge that, on November 6, Cuba refused to provide travel documents for Lopez Armas. Estrada Decl. ¶ 25. They now state that they have made multiple attempts to remove Lopez Armas to Mexico, but "[h]e has failed to comply with removal to Mexico under the CVNH program." *Id.* ¶ 31*; see id.* ¶¶ 18, 22–23, 30. Respondents, however,

2

have not identified any other third countries to which Lopez Armas may be removed and have not provided an anticipated timeline for his removal. *See generally id.*; Resp., ECF No. 7.

In sum, Lopez Armas cannot be removed to Cuba. *See* Estrada Decl. ¶ 25. And Respondents have not taken any steps to remove him to any country other than Cuba or Mexico. *See generally id.*; Resp. It remains unclear whether Respondents have an agreement with the Mexican government, under the CVNH program or otherwise, that would allow them to remove Lopez Armas to that country without his consent. *See* Resp. 7–8, Estrada Decl. ¶¶ 22–23, 31. Nevertheless, because Respondents appear to be making continued efforts to remove Lopez Armas to Mexico, the Court affords Respondents a final opportunity to do so. If Respondents are unable to remove Lopez Armas in two weeks, then they have failed to carry their burden of proving that his removal is significantly likely in the reasonably foreseeable future. *See Zadvydas*, 533 U.S. at 689–90; *see, e.g.*, *Trejo v. Warden of ERO El Paso East Montana*, --- F. Supp. 3d ----, 2025 WL 2992187, at *5–6 (W.D. Tex. Oct. 24, 2025).

Accordingly, the Petition is **GRANTED IN PART** on due process grounds. *See id.* The Court **ORDERS** that, <u>on or before February 17, 2026</u>, Respondents shall either (1) **REMOVE** Lopez Armas from the United States through lawful means; or (2) **RELEASE** Lopez Armas from custody under reasonable conditions of supervision.

**IT IS FURTHER ORDERED** that, <u>on or before February 17, 2026</u>, Respondents shall **FILE** notice informing the Court whether Lopez Armas has been removed from the country. If Lopez Armas has not been removed from the country, Respondents shall inform the Court whether Lopez Armas has been released from custody in compliance with this Order.

**<u>Barring exceptional circumstances, there will be no extensions of the February 17, 2026, deadlines.</u>**

**SO ORDERED**.

**SIGNED** this 4th day of February, 2026.

_____
KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE